IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RAMON L.C., <br><br> Petitioner, <br><br> vs. <br><br> M. WOFFORD, Warden of Mesa Verde Detention Facility, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-03958-MWJS <br> ORDER GRANTING PETITION FOR <br> WRIT OF HABEAS CORPUS IN PART <br><br> A# 220-938-005 |

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART</u>**

Petitioner Juan Ramon L.C.[1] entered the United States without inspection

approximately six years ago and has resided in the country ever since.  Dkt. No. 1; Dkt.

No. 6-1, at pg. 3.  During his time in the United States, he has developed a substantial

criminal record, which includes a December 2025 conviction for "Infliction of Corporal

Injury of a spouse/cohabitant" in violation of California Penal Code § 273.5(a).  Dkt. No.

6-2.  Petitioner was sentenced to serve 100 days in jail pursuant to that conviction, and

upon his release from custody in January 2026, ICE arrested him; he has been detained

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

ever since.  At no point since his detention began has he been given a bond hearing to challenge the basis for his detention.

Petitioner now invokes this court's habeas jurisdiction.  In a petition for writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, he contends that his detention without a bond hearing violates the Immigration and Nationality Act (INA).  Although Petitioner does not directly contend that he is a member of the "Bond Eligible Class" certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), he argues that the district court's decision in that case was "based on sound law" and that its "rationale [should be] applied to this case."  Dkt. No. 1, at pg. 3.

In *Maldonado Bautista*, the court certified a class of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."  813 F. Supp. 3d at 1127.  And a declaratory judgment was subsequently entered by that court declaring that all Bond Eligible Class members "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and accordingly "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge."  *Maldonado Bautista v. Noem*, No. 5:25-cv-01873, 2025 WL 3678485

(C.D. Cal. Dec. 18, 2025).  Petitioner contends that the same reasoning employed by the

*Maldonado Bautista* court is applicable to his case.

The court issued an Order to Show Cause, calling on Respondents to address two

issues:  (1) whether Respondents disputed Petitioner's apparent membership in the

Bond Eligible Class certified in *Maldonado Bautista*, and (2) whether, regardless of

Petitioner's membership in the Bond Eligible Class, "any factual or legal issues in this

case that render it distinguishable from prior orders" in similar cases where the petition

was instead resolved on "statutory grounds under the INA."  Dkt. No. 5.  *See, e.g.*, *Henry*

*A.V.L. v. Warden of the Cent. Valley Annex Detention Facility*, No. 1:26-cv-3354, 2026 WL

1391273 (E.D. Cal. May 18, 2026); *Galvan v. Noem*, No. 1:25-cv-1766, 2026 WL 183724

(E.D. Cal. Jan. 23, 2026), *report and recommendation adopted*, Dkt. No. 14; *Avalos v.*

*Chestnut*, No. 1:26-cv-1199, 2026 WL 654448 (E.D. Cal. Mar. 9, 2026), *report and*

*recommendation adopted*, 2026 WL 825717 (E.D. Cal. Mar. 25, 2026).

Respondents timely responded to the court's order.  Dkt. No. 6.  In their

response, they candidly acknowledge that Petitioner's case here "mirrors that [of the]

petitioner in *Galvan*."  Dkt. No. 6, at pgs. 1-2.  But they also contend that there is a

reason to distinguish *Galvan* and the other cases cited in the court's order:  in this case,

Respondents argue, Petitioner is "subject to mandatory detention under 8 U.S.C.

§ 1226(c)(1)(E)," rendering him ineligible for a bond hearing under the INA and

3

excluding him from membership in the *Maldonado Bautista* Bond Eligible Class.  *Id.* at pg. 2.

Respondents argue that Petitioner is subject to mandatory detention under § 1226(c) because his December 2025 conviction for "Infliction of Corporal Injury of a spouse/cohabitant" in violation of California Penal Code § 273.5(a) is a "crime involving moral turpitude," or "CIMT."  Dkt. No. 6, at pg. 3.  Respondents are correct that the INA mandates the detention of any noncitizen "convicted of . . . a crime involving moral turpitude."  8 U.S.C. §§ 1182(a)(2)(A)(i), 1226(c)(1)(A).  Their contention that a conviction for violating California Penal Code § 273.5(a) is necessarily such a crime, however, is not persuasive.  Respondents' only support for this argument comes from *Morales-Garcia v. Holder*, 567 F.3d 1058 (9th Cir. 2009), which they cite for the proposition that "Cal. Penal Code § 273.5 . . . is categorically a crime involving moral turpitude within the meaning of § 1182(a)(2)(A)(i)(I)."  Dkt. No. 6, at pg. 3.  But *Morales-Garcia* reached the exact opposite conclusion.  *See Morales-Garcia*, 567 F.3d at 1067 ("We hold that Morales' conviction under Cal. Penal Code § 273.5(a) for abuse of a cohabitant is *not* categorically a CIMT within the meaning of 8 U.S.C. § 1182(a)(2)(A)(i)(I) and § 1229b(b)(1)(C)." (emphasis added)); *see also Valdez v. Garland*, 28 F.4th 72, 77 (9th Cir. 2022) (discussing the holding of *Morales-Garcia*).  Although a conviction under California Penal Code § 273.5 *may* "sometimes be a CIMT" in certain factual circumstances, *see Carillo v. Holder*, 781 F.3d 1155, 1159-60 (9th Cir. 2015), the court

cannot conclude on the record before it that Petitioner's conviction amounts to a crime involving moral turpitude.  And because nothing in the record or in the government's briefing provides any other reason to conclude that Petitioner is subject to mandatory detention under § 1226(c), the court agrees with Respondents that this case is most akin to cases like *Galvan*, in which the court granted bond hearings pursuant to § 1226(a) in order to remedy petitioners' detention in violation of the INA.

Accordingly, given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is GRANTED in part, to the extent Petitioner contends that he is entitled by statute to a bond hearing.  Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.  Respondents shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.

///

///

///

The Clerk of Court is directed to close this case and enter judgment for

Petitioner.

IT IS SO ORDERED.

DATED:  June 3, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03958-MWJS; *Juan Ramon L.C. v. M. Wofford*, et al.; ORDER
GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART

6